### BUTLER *v.* UNITED STATES.

A person who signs, as surety, a printed form of government bond, already signed by another as principal, but the spaces in which for names, dates, amounts, &c., remain blank, and who then gives it to the person who has signed as principal, in order that he may fill the blanks with a sum agreed on between the two parties as the sum to be put there, and with the names of two sureties who shall each be worth another sum agreed

on, and then have those two persons sign it, makes such person signing as principal his agent to fill up the blanks and procure the sureties, and if such person fraudulently fill up the blanks with a larger sum than that agreed on between the two persons and have the names of worthless sureties inserted, and such sureties to sign the bond, and the bond thus filled up and signed be delivered by the principal to the government, who accepts it in the belief that it has been properly executed, the party so wronged cannot, on suit on the bond, again set up the private understandings which he had with the principal.

ERROR to the Circuit Court for the Eastern District of Tennessee.

Debt on a joint and several internal-revenue bond, executed by Emory, as principal, and by Butler, Sawyer, and Choppin as sureties, the bond on oyer appearing to be in the sum of $15,000.

Butler pleaded that at the time he signed and affixed his seal to the bond, it was a mere printed form, with blank spaces for the names, dates, and amounts to be inserted therein; that the blanks were not filled, and there was no signature thereto, except Emory's; that Emory promised, if Butler would sign the bond, he, Emory, would fill up the blanks with the sum of $4000, and would procure two additional sureties in the District of Columbia, each of whom was to be worth $5000; and that he, Butler, signed the bond and delivered it to Emory with the understanding and agreement that the bond was otherwise not to be binding on him, Butler, nor delivered to the United States, or to any of its agents or officers, but was to be returned to him; that Emory did not so fill up the bond, but on the contrary, falsely and fraudulently filled it up with the sum of $15,000, and with the names of Sawyer and Choppin, neither of whom resided in the District of Columbia, and neither of whom was worth $5000, but, on the contrary, both of whom were wholly insolvent and worthless; that Emory accordingly obtained the signature of him, Butler, by false and fraudulent representations; that the bond was therefore not the bond of him, Butler, when made, and that he had never afterward ratified or acknowledged its validity.

The Circuit Court, relying on *Dair* v. *United States,** ruled that this was no defence to the action. The defendant excepted and brought this writ of error.

In the case of *Dair* v. *United States*, just mentioned, two persons, as sureties, signed a bond to the government at the instance of a third person, who had signed it as principal; the two signing as sureties doing so upon the condition that the instrument was not to be delivered to the government until it should have been executed by a third person named, as surety; and then placing it in the hands of the person who had signed it as principal, who without the performance of the condition and without the consent of the two persons signing as sureties, delivered the bond to the government; the bond being regular on its face, and the government having had no notice of the condition; but where, on suit by the United States, the parties who had signed as sureties were held by this court bound.

*Messrs. S. Shellabarger and J. M. Wilson, for the plaintiff in error*, sought to distinguish this case from *Dair* v. *United States*, on the ground that in that case the bond was complete in every part at the signing.

*Mr. C. H. Hill, Assistant Attorney-General, contra*, argued that this difference was one of circumstance only, and that in principle the two cases were undistinguishable.

The CHIEF JUSTICE delivered the opinion of the court.

We cannot distinguish this case in principle from *Dair* v. *United States*. The printed form, with its blank spaces, was signed by Butler and delivered to Emory, with authority to fill the blanks and perfect the instrument as a bond to secure his faithful service in the office of collector of internal revenue. He was also authorized to present it when perfected to the proper officer of the government for approval and acceptance. If accepted, it was expected that he would at

---

* 16 Wallace, 1.

once be permitted to enter upon the performance of the duties of the office to which it referred.

It is true that, according to the plea, this authority was accompanied by certain private understandings between the parties intended to limit its operations, but it was apparently unqualified.    Every blank space in the form was open.    To all appearances any sum that should be required by the government might be designated as the penalty, and the names of any persons signing as co-sureties might be inserted in the space left for that purpose.    It was easy to have limited this authority by filling the blanks, and the filling of any one was a limitation to that extent.    By inserting in the appropriate places the amount of the penalty or the names of the sureties or their residences, Butler could have taken away from Emory the power to bind him otherwise than as thus specified.    This, however, he did not do.    Instead, he relied upon the good faith of Emory, and clothed him with apparent power to fill all the blanks in the paper signed, in such appropriate manner as might be necessary to convert it into a bond that would be accepted by the government as security for the performance of his contemplated official duties.    It is not pretended that the acts of Emory are beyond the scope of his apparent authority.    The bond was accepted in the belief that it had been properly executed.    There is no claim that the officer who accepted it had any notice of the private agreements.    He acted in good faith, and the question now is, which of two innocent parties shall suffer.    The doctrine of Dair's case is that it must be Butler, because he confided in Emory and the government did not.    He is in law and equity estopped by his acts from claiming, as against the government, the benefit of his private instructions to his agent.

JUDGMENT AFFIRMED.