R. H. HUMPHREYS v. J. W. FINCH.

*Evidence—Principal and Agent—Estoppel—Bond.*

1. When the only issue submitted to the jury is, " Was the seal opposite the name of the defendant, on the note at the time that he signed it," evidence that there was no amount specified in the note at that

time and that double the amount agreed on was inserted in the space left for that purpose, after the note was signed by the defendant, was incompetent, and could only be competent on a general denial of its execution.

2. An agent, to bind a principal under seal, must have authority conferred by a writing under seal; and a sealed instrument which is changed by an agent who has no authority by writing under seal, has no force to bind the principal.

3. Whenever an act is done or statement made by a party which cannot be contradicted without fraud on his part, and injury to others whose conduct has been influenced by the act or admission, the character of an estoppel will attach to what otherwise would be matter of evidence.

4. When a principal verbally authorizes an agent to fill up with a specific sum a blank in a bond, left with him for that purpose, and then to deliver it in its completed form and obtain money on it, and another person acting in good faith and with no knowledge of these facts advances money on such bond, such principal is estopped from setting up the defence of want of authority in the agent, and denying his liability on the bond.

5. But if such bond were invalid, this would not invalidate the act of borrowing, which was thus authorized, nor remove the liability thus incurred by those whose names are subscribed to the bond and on whose credit the borrowing took place; and this is hardly a departure from the form of demand in this action.

(*McKee* v. *Hicks*, 2 Dev., 379; *Davenport* v. *Sleight*, 2 D. & B., 381; *Graham* v. *Holt*, 3 Ired., 300; *Marsh* v. *Brooks*, 11 Ired., 409; *Bland* v. *O'Hagan*, 64 N. C. 471; *Mason* v. *Williams*, 66 N. C., 565; *Saunderson* v. *Balance*, 2 Jones Eq., 322; cited and approved).

This was a CIVIL ACTION, tried before *Boykin, Judge*, at September Term, 1886, of DAVIDSON Superior Court.

This action, begun before a justice of the peace on January 30, 1886, and, after trial and judgment against the defendant, carried by his appeal to the Superior Court, is to recover the balance due, after certain endorsed payments, upon the following written instrument:

$300. November 22d, 1884.

One day after date, we promise to pay to the order of R. H. Humphreys three hundred dollars at 8 per cent. interest. Value received.

CHAS. L. HEITMAN, (Seal.
J. W. FINCH, (Seal.)

The defendant entered as pleas these memoranda, to-wit: " General issue, payment and set off, counter-claim, accord and satisfaction, surety for Chas. L. Heitman, &c., *non est factum.*"

On the trial before the jury, the plaintiff introduced in evidence a note signed by C. L. Heitman and John W. Finch, the defendant, in the sum of three hundred dollars. The defendant when he began to introduce testimony, proposed to prove that when he signed the same, the amount had not been inserted in the body of the note, insisting that if such be so, then he would not be liable for the payment of the said sum, and the note would be null and void as to him. He further proposed to prove, that he had agreed with the said C. L. Heitman to sign a note for him, in the sum of one hundred and fifty dollars, and that after he had signed the said note in blank, the said Heitman filled in the blank by inserting the sum of three hundred dollars. The Court, upon objection of the plaintiff, excluded the proposed testimony, being of the opinion that if the seal opposite the name of the defendant was his seal, then the defendant would be responsible in law to the holder for the payment of the note. The defendant denied that the seal opposite his name was affixed thereto by him, or that it was written on the note at the time he signed it. The defendant excepted to the ruling of the Court, excluding the testimony. The Court then submitted to the jury the following issues, to wit:

Was the seal opposite the name of defendant, J. W. Finch, on the note at the time that he signed it? To which the jury responded in the affirmative. The defendant and the said

Heitman were partners in certain business enterprises, and the defendant had on two or three prior occasions signed other notes for Heitman, wherein the amounts had not been inserted. The plaintiff advanced the money on the said note to Heitman, without any knowledge or information and without notice of the alleged defects and irregularities in the execution of the same.

There was a verdict for the plaintiff. Motion by the defendant for a new trial. Motion refused.

Judgment signed by the Court for the plaintiff. Appeal by defendant.

*Mr. Frank Robbins,* for the plaintiff.
*Mr. M. H. Pinnix,* for the defendant.

SMITH, C. J., (after stating the facts). While the only specific issue submitted to the jury was as to the presence of the seal opposite the name of the defendant when his signature was affixed, and this is found against him, he was not allowed to prove the insertion in the space left open for the purpose, of a sum double that agreed upon between them. This evidence was not pertinent to the inquiry drawn up, and could only be competent upon a general denial of the execution of the paper. Except for this latter purpose, it was properly excluded, and this may have been the ground of the ruling of the Court. But we are willing to consider the question of the effect of such proof, if fully establishing the fact, upon the defendant's liability.

The general proposition is not controvertible, that an agency to bind a principal by an instrument under seal, (and this includes every essential part of it), must be created and the authority conferred by a writing under seal, and this in actions at law has been repeatedly ruled, as the cases to which we have been referred abundantly show. *McKee* v. *Hicks,* 2 Dev., 379; *Davenport* v. *Sleight,* 2 D. & B., 381; *Graham* v.

*Holt*, 3 Ired., 300; *Marsh* v. *Brooks*, 11 Ired., 489; *Bland* v. *O'Hagan*, 64 N. C., 471.

But while the instrument has no legal force as a covenant of the principal, when changed by an agent possessing written or oral authority only to act, a question arises whether one who verbally authorizes an agent to fill up a blank with a specific sum of money, left open and in his hands for the purpose, and then deliver it in its completed form, shall be at liberty when this is done and money obtained from another acting in good faith and with no knowledge of the fact, to disavow his obligation and consummate the fraud upon the holder. In a blended system of law and equity, shall the party who puts the means in the hands of his agent to get money upon a false assurance of his own liability, and with nothing to excite suspicion as to the integrity of the transaction upon the paper or otherwise, be allowed, when the money has been thus obtained upon his credit, to set up the defence and escape responsibility?

In *Mason* v. *Williams*, 66 N. C., 565, it is decided that one who has title and knows he has, who is present at a sale of the property as belonging to another, and is silent when it is publicly announced in his hearing before the bidding begins, that all persons claiming the same are requested to make known their claims, is not at liberty to deny the title acquired by an innocent purchaser at such sale. This was upon a sale of a steam engine.

In *Saunderson* v. *Ballance*, 2 Jones Eq., 322, the same doctrine was in a measure applied to a sale of land, except that the purchaser was required to repay the party estopped the money he paid for the land.

If by such conduct persons are not allowed to set up title to property and cause the loss of the money paid by an innocent purchaser, why should the defendant be permitted to avail himself of the want of sufficient legal authority in the agent to supply the blank in the bond, where, by his own

act, he virtually declares to all who may take the paper, that such authority has been conferred?

It has accordingly been held, where a defence to an action upon a bond was set up by some of the obligors, sureties, that it was not to be delivered until executed by another surety of which no indication was seen in the paper or otherwise given, that it could not be available to the sureties. *Dair* v. *United States*, 16 Wall., 1.

Delivering the opinion, Justice DAVIS thus declares the law:

"Sound policy requires that the person who proceeds on the faith of acts or admissions of this character, should be protected, by estopping the party who has brought about this state, of things, from alleging anything in opposition to the natural consequences of his own course of action. It is, accordingly, established doctrine, that whenever an act is done, or statement made by a party, which cannot be contradicted without fraud on his part, and injury to others, whose conduct has been influenced by the act or admission, the character of an estoppel will attach to what otherwise would be mere matter of evidence."

To this he adds, that "in the execution of the bond, the sureties declared to all persons interested to know, that they were *parties to the covenant, and bound by it.*"

This ruling is affirmed in *Butler* v. *United States*, 21 Wall., 272, and extended to embrace a case where every blank was left in the form of the writing to be filled, and was filled, this being done by the principal, "*in the scope of his apparent authority.*"

But if the bond be a nullity, and no obligation imposed by it upon the defendant, it is not the less true, that authority was given to borrow the money upon the face of the paper, not limited, and we see no reason why the act of borrowing does not itself create the liability, even if the attempt to give it in the shape of a covenant proves ineffectual, and this is

hardly a departure from the form of the demand in the action.

Its essence is the recovery of the unpaid residue of the money loaned, due on the bond or on the antecedent agreement expressed in it. The invalidity of the bond cannot invalidate the act of borrowing upon the credit of both whose names are subscribed to it, nor remove the liability thus incurred to repay. But it is unnecessary to pursue the inquiry further.

There is no error, and the judgment must be affirmed.

No error.                                                  Affirmed.