HOWELL & JEFFREYS v. J. B. CLOMAN AND WIFE.

*Mortgage, Alteration —Issue—Evidence, Sufficiency of,
to warrant verdict.*

In the trial of an action for claim and delivery of mortgaged
property, it appeared that a mortgage and crop lien for $500
was signed by defendants, husband and wife, and taken by
the latter to plaintiff's store where, according to the latter's
witnesses, figures were changed from $500 to $1,000 with the
husband's knowledge and consent. There was evidence that
the instrument was subsequently probated. The husband
denied that the alternation was made before his acknowl-
edgement, and the wife testified that she examined and read
the deed at the time she acknowledged it and that it had
not then been changed; *Held*, (1) that an issue as to whether the
instrument was the deed of the defendants was sufficient to
meet the contention of the parties ; (2) that it was proper and
sufficient to instruct the jury that, the change being admit-
ted, the burden was on the plaintiff to satisfy them that such
change was made with the consent of the defendants or was
known and approved by them at or before the acknowledge-
ment for probate ; (3) that the admission by the *feme* defend-
ant that she examined and read the deed before acknowl-
edging it contained some evidence to warrant the verdict of
the jury that she knew of and approved the change.

ACTION of claim and delivery, tried before *McIver, J.*,
and a jury, at June Term, 1895, of EDGECOMBE Superior
Court. There was a verdict for the plaintiffs and the
defendants appealed from the judgment thereon. The facts
appear in the opinion of Chief Justice FAIRCLOTH.

*Mr. John L. Bridgers*, for plaintiffs.
*Mr. James E. Moore*, for defendants (appellants).

FAIRCLOTH, C. J.:   It is admitted that when the defend-
ants signed the mortgage it secured only $500, and that in
that condition the defendant J. B. Cloman carried it to the

plaintiffs' store. The plaintiffs' witnesses testify that it was then and there changed to $1,000, and the husband defendant says it was not so changed when he acknowledged the deed for probate. His wife testified that she examined and read the mortgage at the time she acknowledged it for probate and registration and that it had not been changed. This conflicting evidence was submitted to the jury and they rendered a verdict for the plaintiffs upon the issue submitted, to-wit: "Is the mortgage and crop lien for $1,000, dated July 27, 1891, and probated September 9, 1891, the deed of the defendants?" Answered, "Yes." The defendants tendered an issue, but his Honor submitted only the one above, which was sufficient to meet the contention. His Honor charged the jury that the change, being admitted, the burden was on the plaintiff to satisfy them that such change was made with the consent of defendants or was known and approved by them at or before the acknowledgment for probate and registration. He also instructed them fully how to answer the issue according to their finding on the evidence. His instruction was sufficient and was the substance of that asked for by the defendant on the real contention.

The main insistence of defendants was that there was no evidence of the knowledge or approval of the change, on the part of the defendants, proper for the jury to consider. We think there was. The *feme* defendant admits that she read and examined the deed when she acknowledged it for probate. There must be some evidence in that admission that she knew the contents and the jury so find.

No Error.