B. F. MARTIN et al. v. BUFFALOE et al.

*Trial—Evidence—Witness—Transactions between Near Relatives—Deed, Alteration of, After Signing, With Consent of Parties—Burden of Proof.*

1. While transactions between near relatives, no one else being present, are suspicious and the testimony of one of the parties thereto should be carefully scrutinized, yet, if the testimony be of such a nature as to convince the jury of its truth, it is entitled to as much weight as that of any other witness.

2. An alteration in or addition to a deed, such as filling up blanks therein, made by consent of the parties thereto, does not invalidate the instrument.

3. In such case the burden of showing the grantor's consent is upon the grantee.

CIVIL ACTION by the plaintiffs, as trustees of C. F. Futrell, against the defendant as Sheriff, and others, for damages for the wrongful seizure of a stock of goods, tried before *Graham,*

*J.* at Spring Term, 1896, of NORTHAMPTON Superior Court. From a judgment against the defendants for $1,109 damages, they appealed.

*Messrs. MacRae & Day*, for plaintiff.
*Mr. R. B. Peeble*, for defendants (appellants).

FAIRCLOTH, C. J.:   We will reserve the first exception at present.   The other exceptions to the evidence are untenable.

His Honor charged the jury that "transactions between mere relatives, no one else being present, are always viewed with suspicion, and their evidence must be received with many grains of allowance, but if it is of such a nature as to carry conviction to your minds that said witnesses are telling the truth, then it is entitled to as much weight as that of any other witness."   This charge is not only according to the precedents and authorities but is founded in reason, and the defendants' exception must be overruled.

An argument was made that the deed was incompetent evidence because it was probated before the trustee who was a Justice of the Peace.   The record fails to show such to be the fact.

The first and main exception was to the introduction of the deed of C. F. Futrell to Martin & Flythe as trustees for the makers, creditors.   The deed was signed and sealed and given to Martin with instructions to take it to the town of Jackson, employ an attorney, agree on his charges, insert the same in the deed and have it recorded, which was done, the insertion being "S. J. Calvert, attorney of Jackson, N. C. for professional services $50."   The objection was that it was not C. E. Futrell's deed because of said addition after he had signed and sealed it, and made in his absence.

When a deed has been signed and delivered, and a stranger without consent of the grantor and grantee makes additions, interlineations or erasures and the like, quite a num-

ber of questions are presented and some of them were argued before us.    These questions do not arise, because the inserted words were filled in with the consent of the grantor and grantee, and by direction of the grantor.    So the blank in the deed was filled by consent of the parties and does not affect or invalidate the deed in other respects.    The burden of showing the grantor's consent is upon the grantee. *Havens* v. *Osborne*, 36 N. J. Eq., 426.    "If the alteration is made by consent of parties, such as by filling up the blanks or the like, it is valid."    *1 Greenleaf Ev.* (14th. Ed.) Sec. 568a; *19 Johns* 396; *Collins* v. *Collins*, 24 Am. Rep. 639; 2 Am. & Eng. Enc. (2nd. Ed.) 205.

The principle is subject to the distinction between matters inserted which are material and those which are not essential to the operation of the instrument, for if it be deficient in some material part when executed, so as to be incapable of operation at all, it could not afterwards become a deed by being completed and delivered by a stranger in the absence of the party who executed it, and unauthorized by an instrument under seal.    *McKee* v. *Hicks*, 13 N. C., 379.    But when an alteration or addition is made by consent, it gives full effect to the intention of the parties without the violation of any rule of law.    *Hudson* v. *Revett*, 5 Bing. 368.

In the present case, at the time the deed was signed and sealed, the blank left and subsequently filled in by consent was not essential to the operation of the deed as it then stood.    The principle of this decision is recognized by this court in *Humphreys* v. *Finch*, 97 N. C., 303 and *Cheek* v. *Nall*, 112 N. C., 370.    The deed was competent evidence and the judgment is affirmed.