TRUSTEES OF THE NORMAL SCHOOL OF ELIZABETH CITY v. STATE BOARD OF EDUCATION AND BOARD OF TRUSTEES OF COLORED STATE NORMAL SCHOOL OF ELIZABETH CITY.

(Filed 16 September, 1914.)

Deeds and Conveyances—Fraud—Trials—Evidence—Nonsuit—Principal and Agent—Schools.

    The plaintiff school trustees having acquired certain real estate by deed for permanent school purposes for freedmen and children, irrespective of color, conducted a school thereon, with one of their number, their secretary, in charge, and when the buildings became inadequate for want of repair, and there being no available funds, the secretary applied for aid to the State Board of Education through its local board of managers, was informed that to receive aid for permanent improvements it was necessary

SCHOOL TRUSTEES *v.* BOARD OF EDUCATION.

for the title to the property to be in the State, which ultimately resulted in a deed from the plaintiff trustees to the defendant, the State Board of Education, reciting that it was to be held for the purposes of education of the colored youths, etc., whereupon this defendant expended $1,000 in permanent improvements. Thereafter, these buildings becoming again inadequate, this defendant procured about 23 acres of other lands, erected buildings thereon at a cost of $32,000 and therein conducted a satisfactory colored normal school for the colored race, and proposed to sell the lands acquired from the plaintiffs and use the proceeds to help pay for the property thus acquired. This action is brought to set aside the plaintiff's deed and enjoin the sale of the lands, on the ground that the plaintiff's secretary had fraudulently represented to some of the plaintiff trustees, illiterate men, that the deed was only a lease of the lands, etc. There was no evidence that the defendants knew of or participated in the fraud, and it is held that a judgment of nonsuit upon the evidence should have been granted, there being no sufficient evidence to show that the plaintiff's secretary was acting as the defendant's agent in the transaction, but only as the agent for his cotrustees, who executed the deed.

APPEAL by defendant from *Ferguson, J.,* at March Term, 1914, of PASQUOTANK.

Civil action to set aside a deed on the ground of fraud and to restrain a sale of property thereunder.

Plaintiffs alleged that they were induced to convey certain property in Elizabeth City to defendants by the false representations of one P. W. Moore, a member and secretary of plaintiff board, said Moore acting in the matter as agent of defendants; the deed in question being as follows:

"This deed, made this 5·August, 1905, by James E. Brown, Elisha Overton, Robert Bowe, A. L. Hawkins, Charles Norfleet, Charles Harvey, Dr. G. W. Cardwell, P. W. Moore, and W. B. Butler, trustees of the Colored Normal School of Elizabeth City, N. C., parties of the first part, to the State Board of Education of North Carolina, party of the second part, witnesseth:

"That whereas, by deed dated 11 July, 1870, executed by George D. Poole, trustee, to T. W. Cardoza *et al.,* trustees of the Colored Normal School, and their successors in office forever, for permanent school purposes for freedmen and children irre-

spective of color, said deed duly recorded in Deed Book P. P., page 217, in the office of the register of deeds of Pasquotank County, conveying the hereinafter described tract or parcel of land; and whereas the said property is insufficient in value and quantity to support or maintain a school, and the said trustees cannot, therefore, carry out the purposes of said trust; and whereas the State of North Carolina has been aiding in conducting a normal school on said property, and purposes to further aid the education of the colored race by establishing a permanent colored normal school in or near Elizabeth City, N. C., for the education of the colored youth of Elizabeth City and surrounding territory; and whereas, at a regular meeting of the board of trustees of the property above referred to it was decided that the said board could best carry out the trust aforesaid by conveying the hereinafter described lot or parcel of land to the State Board of Education:

"Now, therefore, in consideration of the premises and the further sum of $5 in hand paid by the party of the second part to the parties of the first part, the receipt whereof is hereby acknowledged, the said parties of the first part have this day bargained, sold, and conveyed unto the party of the second part, its successors and assigns, the following described tract or lot of land, situate in the State and county aforesaid and in the town of Elizabeth City, and bounded as follows: Situate on the east side of Shannon Street and fronting on said street about 123 or 125 feet, and bounded on the south by Brown Street, on the east by lot of Minerva Martin, and on the north by lot of Isaac Leigh, said lot being about 165 feet deep.

"To have and to hold the said tract or parcel of land, together with all the privileges, improvements, and appurtenances thereto belonging or in any wise appertaining, to the said State Board of Education of the State of North Carolina, its successors and assigns, in fee simple, with the understanding that the property or the proceeds from the sale of the same shall be devoted by the said party of the second part towards the permanent establishment of a colored normal school in or near Elizabeth City. In testimony, etc."

Motions of nonsuit, formally entered by defendants, were over-ruled, and defendants excepted.

The jury rendered the following verdict:

"1. Are the signatures of A. L. Hawkins and Elisha Overton or either of them forgeries?   Answer: No.

"2. Were the signatures of the grantors to the writing in question procured by the fraud and misrepresentation of P. W. Moore?   Answer: Yes.

"3. Was P. W. Moore the agent of the defendants or their board of local managers?   Answer: Yes."

Judgment on the verdict for plaintiff, and defendants excepted and appealed.

*Isaac M. Meekins for plaintiff.*

*Attorney-General Bickett, Assistant Attorney-General Calvert, Walter L. Cohoon, and Thomas J. Markham for defendants.*

HOKE, J.   On the hearing it was made to appear that plaintiffs, "Board of Trustees for the Normal School in Elizabeth City, N. C.," had been the owners of a piece of property in said city, under a deed conveying same to "them and their successors, to their use in fee simple forever, for permanent school purposes for freedmen and children, irrespective of color, etc.," and a school for colored people had been conducted for some years on said property by P. W. Moore, a member of plaintiff board and its secretary; that the building being insufficient and having become very much dilapidated, it became necessary to have same restored and repaired, and, there being no funds available for the purpose, P. W. Moore, trustee and secretary, applied for aid to the State Board of Education through its local board of managers in Elizabeth City.   The Board of Education stated that they were not authorized to advance money for the permanent improvement of property unless the title was in the State, and thereupon P. W. Moore, having consulted with his associates, they, in August, 1905, executed the deed in question, intrusted same for delivery to P. W. Moore, and he delivered it to defendants.   Thereupon the defendants entered into possession;

166—30

expended amount of $1,000 in repairing and improving property, and had a school for the colored race conducted thereon for six or seven years, when, the buildings having again become inadequate, the Board of Education procured about 23 acres of land, just out of the city limits, erected suitable buildings thereon, at a cost of $32,000 or more, and are conducting a normal school for the colored race upon the latter property, in all respects satisfactory, so far as the evidence shows.

The board then advertised the old lot and building for sale, the proceeds to be used in part payment of the expense of the present enterprise, when this action was instituted, as stated, to prevent the sale and to set aside the deed on the ground of fraudulent representations on the part of P. W. Moore by which his cotrustees were induced to sign the deed.

It is not claimed or suggested that there was any fraud on the part of the State Board of Education or its board of local managers or any one of them, or knowledge or notice of any facts tending to establish such fraud; but there was evidence offered on part of plaintiffs that some of them could neither read nor write, and that they were induced to execute said deed in its present form by representations of Moore, at the time, that the instrument was, in effect, a lease passing the property to the defendants only so long as a school for the colored race was being conducted thereon; and it is insisted for plaintiffs that Moore was acting in this matter for defendants, and that their title, so acquired, may be impeached by reason of his misconduct.

It is a well recognized principle with us that one may not acquire and hold property by the fraud of his agent and avoid responsibility for the agent's acts (*Sprunt v. May,* 156 N. C., 388, and authorities cited); and, in restricted instances, it seems the position is allowed to prevail in cases of double agency when good faith is clearly shown and both principals are fully aware of the circumstances. Mechem on Agency, sec. 67; Tiffany on Agency, p. 418. But, on careful consideration of the facts in evidence, the Court is of opinion that there is no testimony worthy of consideration by the jury that, in procuring the deed,

P. W. Moore acted as agent of defendants within the meaning of the principle referred to. The testimony tends to show that this entire effort was to procure the benefits of a colored normal school for the inhabitants of Elizabeth City and its vicinity, and that has been accomplished. At an expenditure of $32,000, and more, the State has established such a school near the limits of the city, and the same, as stated, is properly placed and is being satisfactorily conducted. And while Mr. Lamb, a member of the local board of managers, testifies, in effect, that as he understood, the witness Moore was acting for both boards, a perusal of his and the entire testimony makes it clear that, so far as these defendants were concerned, Moore was only acting for them, if at all, in a ministerial capacity, that is, to bring them the deed when it was executed, and that defendants throughout dealt with him and intended to deal with him only as a grantor in the deed and coöwner of the property with the plaintiffs, and, in our opinion, the only inference permissible from this evidence is that, in procuring the execution of the deed in question and as to defendants, the grantor, Moore, must be considered the agent of his cotrustees, and they having executed the deed in its present form and intrusted it to him for delivery, the defendants being entirely ignorant of any fraud or misrepresentations, the case calls rather for application of the principle that "Whenever one of two innocent persons must suffer by the act of a third, he who has enabled such third person to occasion the loss must sustain it." *Bowers v. Lumber Co.,* 152 N. C., 604 and 607; *Rollins v. Ebbs,* 138 N. C., 140; *R. R. v. Kitchen,* 91 N. C., 39; *Dair v. United States,* 83 U. S., 1; *Butler v. U. S.,* 88 U. S., 272.

On the record as now presented we think the motion of nonsuit by defendants should have been sustained, and it is so ordered.

Reversed.