JOSHUA CREECY ET AL. V. NANNIE CREECY COHOON ET AL.

(Filed 12 September, 1928.)

**Appeal and Error—Determination and Disposition of Cause—Remand for Proper Judgment.**

Where the clerk of the court has allowed certain attorney's fees out of the proceeds of sale in an action for partition of lands, and on appeal to the Superior Court the clerk's judgment has been affirmed without a finding of material facts or conclusions of law by the judge, upon appeal to the Supreme Court the case will be remanded for the material findings of fact and conclusions of law necessary to support the judgment, and necessary as the basis of review.

APPEAL by Winborn Lawton and Mary Lawton Walker, defendants, from *Barnhill, J.,* at March Term, 1928, of PASQUOTANK.

*Thompson & Wilson for appellants.*
*Ehringhaus & Hall, J. B. Leigh and McMullan & LeRoy for appellees.*

ADAMS, J. The petitioners instituted a proceeding for the sale of real property for partition. The appellants and other nonresidents were served with summons by publication. On 28 July, 1926, the clerk appointed commissioners who sold the property at the price of $10,930, and on 13 November the sale was confirmed. Before the confirmation (i. e. on 19 October, 1926) R. B. Creecy filed a petition with the clerk alleging that Hennie P. Creecy had died leaving a paper purporting to be her last will and testament, which had been contested and set aside; that he had employed attorneys to protect and enforce the rights of the petitioners and of all the respondents excepting Mrs. Cohoon under an agreement that the attorneys should receive a certain part of the recovery; and that the proceeds of the sale would soon be ready for distribution. He asked that a citation be issued to the interested parties requiring them to appear before the clerk and show cause why the attorneys should not be paid in accordance with the contract out of the proceeds of the sale. An order was made and the citation was served on the appellants and others by publication. None of the parties appeared and on 21 February, 1927, the clerk granted the relief prayed. On 25 June, 1927, the clerk specifically directed the disposition of the proceeds of sale, and thereafter the commissioners made their report. The appellants on 1 February, 1928, made a motion before the clerk to strike from the files the affidavit of R. B. Creecy dated 19 October, 1926, and

the several orders entered in the cause on 28 December, 1926, 21 February, 1927, and 25 June, 1927, together with all other orders of like import and effect.

The motion was based upon an affidavit filed by the appellants and by William M. Lawton. On 21 February, 1928, the motion was heard by the clerk and denied and on appeal to the judge the judgment of the clerk was affirmed. From the latter judgment the present appeal is prosecuted.

It is provided by statute that a defendant against whom publication is ordered on application and sufficient cause shown at any time before judgment must be allowed to defend the action, and, except in an action for divorce, that such defendant may in like manner upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof and within five years after its rendition on such terms as are just. C. S. 492; *Burton v. Smith,* 191 N. C., 599; *Foster v. Allison Corporation, ibid.,* 166. The motion of the appellants was made in accordance with this provision. In the affidavit or petition of R. B. Creecy there is an allegation that he was "impliedly authorized by all the respondents," including the appellants, to make the alleged contract with the attorneys. The appellants denied this allegation as well as certain findings or recitals in the order made by the clerk on 21 February, 1927, and averred that they had no knowledge or notice of the affidavit and orders until the fall of 1927, or until sometime after 25 June, 1927.

The motion raises questions of fact which have not been determined either by the clerk or by the judge. The former simply denied the motion and the latter merely affirmed the judgment of the clerk. In each case the appellants excepted to the judgment and appealed. We cannot determine from the present record whether the lower court was of opinion that the appellants authorized the contract with the attorneys or whether in the absence of their assent or approval the appellants were bound by the contract because they profited by the result of the recovery in the proceeding to set aside the will or whether the judgment of the clerk was affirmed on some other ground. We cannot examine the affidavits with a view to finding the facts. *Bowers v. Lumber Co.,* 152 N. C., 604. In *Oldham v. Sneed,* 80 N. C., 15, it is said: "In the absence of any facts found we can only see from the case sent up that the judge refused to vacate the judgment, but why he did so, or whether with or without any mistake or misapplication of the law, cannot be seen." It is desirable that the material facts be found and that the conclusions of law thereon be set forth in the judgment. To this end the cause is remanded for further proceedings.

Remanded.