OSCAR KRECHEL AND WIFE, RUBY STEVENSON KRECHEL v. HARRY T. MERCER AND WIFE, VIRGINIA D. MERCER.

(Filed 12 June 1964.)

1. **Alteration of Instruments—— Alteration with consent of parties prior to registration is effective.**

> Uncontradicted evidence that the contract between the parties was to convey all of a subdivision except lots which had already been sold, that the deed described the entire tract but excepted fourteen lots by number, that the number "3" in the list of lots excepted was marked through prior to registration with the consent of the president of the granting corporation as indicated by his signature in the margin beside the alteration, and that lot "3" had not been sold at the time of the execution of the deed, *is held* to establish a conveyance of lot "3" to the grantees as a matter of law, regardless of whether the alteration was made before or after delivery, since the alteration was with the consent of the granting corporation, and the redelivery to grantees being, in legal effect, a re-execution of the instrument.

2. **Corporations § 7——**

> An alteration in the deed of a corporation initialed or signed by the president of the corporation and redelivered to the grantee is binding on the corporation. G.S. 55-36(e).

APPEAL by plaintiffs from *Pless, J.,* January Session 1964 of PAMLICO.

This is an action instituted pursuant to the provisions of G.S. 41-10 to quiet title.

On 13 February 1960, the New Bern Tractor & Equipment Company, a corporation, conveyed to the plaintiffs by metes and bounds a subdivision on the Neuse River in Pamlico County consisting of 41 lots. A map or plat of the subdivision had been recorded prior to the execution of the foregoing deed in Map Book 2, at page 17, in the office of the Register of Deeds of Pamlico County. Certain designated lots were excepted from the metes and bounds description, which excepted lots, according to the deed, "have heretofore been conveyed by the party of the first part." As originally drawn, this deed excepted

lots Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16 and 17; as recorded, the deed excepted all the foregoing lots except lot No. 3, the figure "3" having been marked through. G. E. Lee, the president of the corporate grantor, signed his name beside the alteration. The only real conflict in the evidence is with respect to the time of the alteration. Plaintiff testified that the alteration was made before the deed was delivered to him. The defendant offered G. E. Lee as a witness who testified on direct examination as follows: "At the time that Mr. Krechel gave me that check and I delivered that deed to him, I do not THINK that Lot Number three was stricken out and initialled by me." On cross examination this witness testified: "I do not recall how much later it was with reference to February 17 (the date the deed was actually executed). He said that there was one lot that had been missed and that it should be marked out, and that if I would mark it out and initial it on the side it would be all right." This witness testified that he did sign his name on plaintiffs' Exhibit No. 1 (the original deed). He further testified that Lot No. 3 had not been conveyed by the corporation prior to the execution of plaintiffs' deed.

Plaintiffs' deed, as altered, was duly recorded in Book 128, page 283, in the office of the Register of Deeds in Pamlico County on 19 February 1960.

On 9 August 1963, the above corporation purported to convey Lot No. 3 to the defendants.

It was stipulated that Lot No. 3 had not been conveyed on the date of plaintiffs' deed.

The court submitted the following issue to the jury, which was answered in the negative: "Are the plaintiffs the owner of the lands as described in the complaint to the exclusion of the defendants?"

From the judgment entered on the verdict, the plaintiffs appeal, assigning error.

*Robert G. Bowers for plaintiff appellants.*
*No counsel contra.*

DENNY, C.J.  The plaintiffs assign as error the refusal of the trial court to grant their motion for peremptory instructions in their favor.

All the evidence tends to show that G. E. Lee, the president of New Bern Tractor & Equipment Company, the grantor in the deed involved, consented to the alteration, striking out Lot No. 3 from the exceptive clause in the deed, and that his consent was indicated by his signature on the margin of said deed beside the alteration.

The plaintiffs' evidence tends to show that the alteration was made before delivery of the deed and payment of the consideration therefor.

On the other hand, the defendants' evidence tends to show that the alteration was made after the execution of the deed, its delivery, and payment of the purchase price. All the evidence, however, is to the effect that the alteration was made with the consent of Mr. Lee before the deed was offered for probate and registration.

The evidence further discloses the fact that it was the intent of the grantor in said deed to convey to plaintiffs all the lots in the subdivision involved, except those lots sold and conveyed by the grantor prior thereto. Furthermore, it was stipulated that Lot No. 3 had not been conveyed prior to the execution and delivery of plaintiffs' deed.

In light of the facts disclosed on this record, we consider it immaterial whether the deed was altered before or after its execution and delivery to the plaintiffs, since all the defendants' evidence supports the view that the alteration was made with the consent of the president of the granting corporation and there was a redelivery to the plaintiffs after the alteration was made and witnessed by Mr. Lee's signature before the probate and registration of the deed. Upon these facts, we hold that the title to Lot No. 3 passed to the plaintiffs under the provisions of the deed executed and delivered by the grantor therein.

In 3 C.J.S., Alteration of Instruments, section 58(b), page 974, in pertinent part it is said: "Even though there has already been a delivery, however, a deed or sealed instrument may be changed with the consent of the parties and redelivered, the new delivery constituting a re-execution. Accordingly, where a land grant, issued and delivered, was subsequently altered as to the quantity granted by the direction of the grantor, on the application of the grantee, and was then redelivered to the grantee, such redelivery was in legal effect a re-execution of the grant," citing *Malarin v. United States,* 1 Wallace 282, 17 L. Ed. 594.

In the *Malarin* case, the Supreme Court of the United States was considering a grant that was altered from one to two leagues after the original execution of the grant. The Court, speaking through Justice Field, said: "The Governor who issued the grant testifies substantially that the alteration was made by his direction and that the grant was subsequently delivered or re-delivered to the grantee. If this were the case, it is immaterial whether the alteration was made before the grant had received his signature or after it had been once delivered. The redelivery after the alteration, if such were the fact, was, in legal effect, a re-execution of the grant."

In 4 Am. Jur., 2d, Alteration of Instruments, section 24, page 23, it is said: "Although there are indications of a contrary doctrine in a few cases, the rule followed generally is that, in the absence of a

statute making acknowledgment or attestation of an instrument, such as a deed or mortgage, a prerequisite to the validity thereof, an alteration made in such an instrument, by consent of the parties, after execution and acknowledgment or attestation, and either before or after delivery, or even after recording, does not, as between the parties thereto, render invalid the instrument as originally executed. Also, the alteration itself is generally held to be valid and effective as between the parties to the instrument, especially where there is a redelivery after the alteration, without a new attestation or acknowledgment, although there is some authority to the contrary."

In the case of *Campbell v. McArthur,* 9 N.C. 33, it is clearly implied that not only is a deed not voided by an alteration made with the consent of the parties, but that the alteration is also binding. Taylor, C.J., speaking for the Court, said: "Whether the deed was altered after its execution was properly submitted to the jury as a question of fact; and if it was so altered they were instructed that the deed was thereby avoided, *unless the alteration was made with the consent and knowledge of the grantor.* In this instruction I think the judge is clearly sustained by undoubted authority. Where A. and B. sealed and delivered a bond to C., and afterwards the name and addition of D. was interlined, and he also sealed and delivered the obligation, with the consent of all parties, it was held to be a good obligation of all three. 2 Lev., 35. This case is cited by Comyns in his Digest, and has been repeatedly recognized as law." *Howell v. Cloman,* 117 N.C. 77, 23 S.E. 95. (Emphasis ours.)

In *Martin v. Buffaloe,* 121 N.C. 34, 27 S.E. 995, in considering an alteration in a deed, Faircloth, C.J., said: "When a deed has been signed and delivered, and a stranger, without consent of the grantor and grantee, makes additions, interlineations or erasures and the like, quite a number of questions are presented, and some of them were argued before us. These questions do not arise, because the inserted words were filled in with the consent of the grantor and grantee and by direction of the grantor. So the blank in the deed was filled by consent of the parties and does not affect or invalidate the deed in other respects. The burden of showing the grantor's consent is upon the grantee. *Havens v. Osborne,* 36 N.J. Eq., 426. 'If the alteration is made by consent of parties, such as filling up the blanks or the like, it is valid.' 1 Greenleaf Ev. (14 Ed.), § 568a; 19 Johns, 396; *Collins v. Collins,* 24 Am. Rep. 639, 2 A. and E. Enc. (2 Ed.), 205.

"The principle is subject to the distinction between matters inserted which are material and those which are not essential to the operation of the instrument, for if it be deficient in some material part when

executed, so as to be incapable of operation at all, it could not after-wards become a deed by being completed and delivered by a stranger, in the absence of the party who executed it, and unauthorized by an instrument under seal. *McKee v. Hicks,* 13 N.C. 379. But when an al-teration or addition is made by consent, it gives full effect to the in-tention of the parties, without the violation of any rule of law."

It is also said in 4 Am. Jur. 2d, Alteration of Instruments, § 89, p. 84: "* * * (I)f the fact is that an instrument appears on its face to have been altered, the question whether the alteration was made after execution so as to require an explanation is one of law, relating to the admission of evidence. So too, although the question whether a partic-ular alteration is or is not manifest or visible is usually one of fact, it becomes a question of law if there can be no reasonable difference of opinion in this respect."

In making the alteration in plaintiffs' deed, the president of the cor-porate grantor was only carrying out the grantor's contract to convey to plaintiffs all the 11.58 acre tract described by metes and bounds in the deed, included in the subdivision, except those lots which had al-ready been sold and conveyed which were enumerated. Lot No. 3 was included by mistake because it had not been sold.

Furthermore, it is provided in subsection (e) of G.S. 55-36, govern-ing the execution of corporate instruments, as follows: "Nothing in this section shall be deemed to exclude the power of any corporate rep-resentatives to bind the corporation pursuant to the express, implied or apparent authority, ratification, estoppel or otherwise."

In our opinion, the evidence adduced in the trial below clearly establishes the fact that the alteration in plaintiffs' deed was made with the knowledge and consent of the grantor and that plaintiffs are entitled to judgment in their favor as a matter of law. To hold other-wise would unjustly enrich the corporate grantor and enable it and the defendants, who had notice of the alteration, to perpetrate a fraud upon these innocent plaintiffs.

The judgment entered on the verdict rendered in the trial below is set aside and the cause is remanded for judgment in accord with this opinion.

Remanded.