## J. B. STYERS AND ROLAND E. BRADLEY v. CITY OF GASTONIA

(Filed 18 May, 1960.)

**1. Municipal Corporations § 16—**

Plaintiffs constructed water mains as a business venture, permitting property owners to tap the mains for a fee. The city sold water to plaintiffs' licensees and agreed to reimburse plaintiff for the mains when the boundaries of the city were enlarged to include the locus. *Held:* Even though the contract with the city is invalid, the plaintiff is entitled, upon the extension of the city limits and the appropriation by the city of the mains, to recover the value of his property so appropriated.

**2. Same—**

Plaintiffs constructed water mains and licensed land owners to tap into the mains for a fee. The city sold water to plaintiffs' licensees. There was no dedication of the mains to the public, but plaintiffs contemplated that the city should compensate them for the mains when the city should extend its limits to include the locus. *Held:* The city appropriates the mains to its own use when, after the extension of its limits, it first begins to permit new customers to tap the mains without obtaining authority from plaintiffs, and thus exercises complete dominion over the mains, and a claim for compensation filed less than one year after such appropriation is not barred. G.S. 1-52, G.S. 1-53.

This cause was heard by *Froneberger, J.,* December 1959 Civil Term, of GASTON. Plaintiffs thereafter filed a petition for *certiorari* which was allowed 23 February 1960.

Plaintiffs allege they laid water lines in territory adjacent to but outside of the corporate limits of Gastonia. These lines were laid and connected with the city's lines pursuant to an agreement with its officials that when the corporate boundaries were enlarged so as to include the area in which the lines were laid, the city would compensate plaintiffs. They allege the corporate boundaries were so enlarged in 1955, the city had repudiated its contract and refused to pay, and had thereafter taken possession of the water lines.

Defendant denied liability and, as additional defenses, pleaded the protection afforded by the two- and three-year statutes of limitations, G.S. 1-52 and G.S. 1-53.

Defendant's motion for nonsuit was allowed at the conclusion of plaintiffs' evidence. Plaintiffs excepted and gave notice of appeal. Because of delay in fixing the case on appeal, plaintiffs moved for *certiorari*. The motion was allowed, and the cause is here on the writ so issued.

*Hollowell & Stott and Hugh W. Johnson for plaintiff appellants.*
*J. Mack Holland, Jr., and James B. Garland for defendant, appellee.*

RODMAN, J.  Plaintiffs' evidence is sufficient for a jury to find: Plaintiffs caused to be constructed between 1948 and 1955 the water lines for which they now seek compensation. When constructed, the lines were beyond the corporate limits of Gastonia. The lines were built at the suggestion of Mr. Abernathy, director of utilities of Gastonia, as an investment by which plaintiffs would profit by selling to adjacent property owners the right to tap the lines and thereby receive water from defendant. Construction of the lines benefited defendant by enabling it to sell water to those whom plaintiffs licensed to tap the lines. Defendant had no right to use the lines except to deliver water to plaintiffs' licensees. *Grimes v. Power Co.*, 245 N.C. 583, 96 S.E. 2d 713. Abernathy agreed plaintiffs would be reimbursed the amount expended in constructing the lines if and when the corporate boundaries were enlarged and the lines included within the new boundaries. The boundaries were enlarged in 1955 and as enlarged included the water lines which are the subject of this controversy.

Mr. Yoder succeeded Mr. Abernathy as director of utilities. He served in that capacity from 1 April 1954 through December 1955. While Yoder was director of utilities for defendant, he required a written permit from plaintiffs before making a connection with the lines constructed by them. Sometime after Yoder retired at the end of 1955, the city began making water connections for new customers without obtaining authority from plaintiffs and now exercises control and dominion over the lines so constructed.

On 15 October 1956 plaintiffs filed claim with defendant requesting "to be reimbursed for our investment less depreciation to and plus interest from the date the City confiscated them." On the same day "the Council voted unanimously to refuse this claim." Summons issued 7 July 1958.

Plaintiffs do not contend that the city is bound by the asserted contract with Abernathy to reimburse them for the amounts expended in construction of the lines. They allege and prove this agreement only for the purpose of negativing defendant's contention of an offer to dedicate accepted by the city, thus avoiding the result reached in *Honey Properties v. Gastonia, ante*, 567 and *Spaugh v. Winston-Salem*, 234 N.C. 708, 68 S.E. 2d 838.

Plaintiffs, according to their evidence, owned no property in the area in which the lines were laid, but laid the lines as a business investment pursuant to an agreement that the city would reimburse them for the moneys so expended, if the lines were incorporated within the city's limits. That contract was void. G.S. 143-129; *Hawkins v. Dallas*, 229 N.C. 561; *Raynor v. Commissioners of Louisburg*, 220 N.

C. 348, 17 S.E. 2d 495. The contract being void, the mere extension of the corporate limits created no liability. *Farr v. Asheville*, 205 N. C. 82, 170 S.E. 125. The liability arose when, and only when, the city appropriated plaintiffs' property to its own use. This appropriation imposed on it a duty to pay the fair value of the property taken. N.C. Const., Art. I, sec. 17; *Jackson v. Gastonia*, 246 N.C. 404, 98 S.E. 2d 444; *Manufacturing Co. v. Charlotte*, 242 N.C. 189, 87 S.E. 2d 204; *Hawkins v. Dallas, supra; Construction Co. v. Charlotte*, 208 N.C. 309, 180 S.E. 573; *Realty Co. v. Charlotte*, 198 N.C. 564, 152 S.E. 686.

The taking was subsequent to December 1955. Claim was filed and rejected in October 1956. Summons issued 7 July 1958. On this testimony the action is not barred.

Reversed.