Taylor, Chief-Justice.
 

 This is a motion for a new trial on the part of the Defendant, who alleges that the Court misdirected the jury, and that tho jury found against evidence. It appears from the case, that (he father of the lessors of the Plaintiff was in possession of the land claimed, more than seven years, claiming under a colour of title by means of two deeds iron, "" — ‘"wss and Hogg, each for a uioiety of a tract of land granted io Thomas Locke, on the 20th February, 1735. There is' no controversy relative to the deed from Hogg; it is not denied, that his moiety was duly conveyed by it, but the questions arise altogether from Burgess’ deed. It is said, this deed was registered having two blanks, one for the date, and the other for the consideration, and that as this fact appears from two official copies of two dif
 
 *37
 
 ferent registers, it follows that the deed must have been filled up since that time, and is thereby avoided by this alteration. Whether the deed was altered after its execution, was properly submitted to the jury as a question of fact; and if it was so altered, they were instructed that ¡he. deed was thereby avoided, unless the alteration was made with the consent and knowledge of the grantor. In this instruction, I think the Judge is clearly sustained by undoubted authority. Where A. & B. sealed and delivered a bond to C,and after, the name and addition of D. was interlined, and he also sealed and delivered the obligation, with the consent of all parties, it was held to he a good obligation of all three — (2
 
 Lev.
 
 35) This case is cited by
 
 Comym
 
 in his
 
 Digest,
 
 and has been repeatedly recognized as law. There is a case in 1
 
 Anstruther
 
 228, where, a bond was executed with blanks for the name and sun;, and delivered by the obligor, to an agent for the purpose of raising money ,* the Plaintiff lent a sum, and the agon! filled up the blanks with that sum, and the Plaintiff's name, and delivered the bond to him, and on
 
 non eslfachtm
 
 pleaded, the bond was held good. And a party executing a bond, knowing that there are blanks its it to he filled up, by inserting particular names or things, must be considered as agreeing, that the blanks may thus be filled up, after lie has executed the bond-(Ventris, 185.) The objection that even if the deed were filled up with the consent of the grantor it ought subsequently to have been registered, has been decided on in this Court; and it has beer, held that an unregistered deed will make a colour of title.
 

 I am also of opinion, that the charge of the Judge was not less unexceptionable in stating, “ that a mistake in a course or distance should not be permited to disappoint the intent of the parties, if that intent appeared, and if the means of correcting the mistake are furnished either by a more certain description in the same deed, or by
 
 *38
 
 reference to another deed containing a more certain de~ scription.”
 

 The land conveyed by Burgess to Campbell is desig-i)ap.(] by these several particulars, viz : — a moiety of thei tract therein after described, the courses and distances, a hickory at the beginning, an elm on the river bank, or the end of the third line, and a reference to the patent of Locke, bearing date on the 20th February, 1735, which consequently includes the boundaries and location of that land. There is an evident mistake in some of the courses and distances described in Burgess’ deed to Campbell, so that if the land were laid off according to them, it would not comprehend a moiety of Locke’s 640 acres j but there is also so much correspondence between the lines and those in Locke’s patent, as to shew an intention to- convey a moiety of that land. In the corner trees, however, there is no mistake, for the same in number and quality, are called for both in the deed and patent, and thus a reference to Locke’s patent, renders certain what an incorrect description of the lines had rendered uncertain. So that I cannot think any difficulty will present itself, in ascertaining the land intended to he eon • veyed by the deed, when recourse is had to the patent. The grantor has referred to this, as the means of correcting any mistake, in the description of the land, and of ascertaining what his intent was, in making the deed — . (5
 
 Wheaton,
 
 359, 362.) Words shall always operate according to the intention of the parties, if by law they may j and, if they cannot operate in one form, they shall operate in that, which, by law, shall effectuate the intention. This is the more just and rational mode of expounding a deed, for, if the intention cannot be ascertained, the rigorous rule is resorted to, from necessity of taking the deed, most strongly against the grantor.
 

 It is supposed that the Judge erred in instructing the Jury that Burgess’ deed, called for the beginning of Cocke’s patent» whereas it calls for a hickory, and that
 
 *39
 
 vt called for the elm, the termination of the third line of the patent: whereas, it merely calls for an elm on the ,. „ „ river bank, thereby assuming two lads, or which, prool should have been made for the consideration of the Jury.
 

 If is true, that the deed does not in so many words describe the trees or boundaries of the patent, nor does it appear that any witnesses were called to prove their identity, but the construction of deeds is a question of law' for the Court, and if from a comparison of the lines, it appeared that the trees called for in the deed, were the same with those called for in the grant, it was only stating the conclusion, instead of the premises warranting it. is it not a fair intendment and necessary construction of the deed ? There are but two trees on the bank of the river as boundaries of Locke’s patent, a hickory and an elm. When Burgess’ deed, therefore, conveying a moiety of the 64 0 acres, designates a hickory as the beginning and an elm as the termination of the third line, it is not a forced construction to consider them as the same, more especially when the line leading from the elm, does, both in the deed and the patent, go to the beginning. Upon the whole, it appears to me that the charge was correct, and that the law has been duly administered in this case. I therefore think a new trial must be refused, and the judgment affirmed.
 

 H aul and IIeNbeiisojv, Judges, concurred.