Hah, Judge.
 

 I think.the testimony .of the sheriff in this case was properly received. It was not the reception of parol evidence to destroy or alter a deed, but to support it, and to preserve it from contamination, by preventing matter
 
 dehors
 
 the deed from creeping into it. The deed, shown forth in evidence by the plaintiff has been acknowledged in court and registered, and includes the land su~
 
 *263
 
 ed for, and to all appearance conveys title to it; when in fact there never was any acknowledgement or order of registration, as far as relates to that
 
 land;
 
 and it is to rescue the deed from the burden of that falsehood, that the testimony is received. When that is done, the deed is placed in its original shape, and like other deeds is unassailable by parol evidence. To say the least of it, tho’ probably there was no injury intended to be done to any one, the conduct of the sheriff was very reprehensible in making tho insertion after he had acknowledged the deed in court.
 

 It may be said that the plaintiff has a deed for the land; but that deed has been neither proved or acknowledged in court, nor registered.
 

 Per Curiam — JudgmbNt affirmed.