L. J. PEOPLES, PLAINTIFF, AND NEW PARTY PLAINTIFF: MRS. RAFAELA D. PEOPLES, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF L. J. PEOPLES, v. UNITED STATES FIRE INSURANCE COMPANY, A CORPORATION, AND R. O. PEARCE.

(Filed 30 April, 1958.)

**1. Appeal and Error § 1—**

Where appellant is given notice of a motion and appears at the time and place designated for the hearing of the case in its regular order at a regular term of court, and participates in the hearing and agrees that the judge might sign judgment after term, all without raising the question whether the motion was required to be in writing, he will not be heard on appeal to raise this question.

**2. Trial § 20—**

Where the facts are not controverted, the rights of the parties upon such facts are questions of law, and the court may enter judgment thereon in accordance with the rights of the parties without the intervention of the jury.

**3. Agriculture § 2—**

Where a tenant procures and pays for a policy of hail storm insurance, nothing else appearing, the landlord's statutory crop lien for advancements, G.S. 42-15, does not extend to the fund paid by insurer under the policy after damage to the crop by the risk covered.

**4. Judgments § 17a—**

Where the tenant, upon the uncontroverted facts, is entitled, as a matter of law, to the proceeds of a crop insurance policy paid into court by insurer, free from the landlord's crop lien for advancements, the court has authority to order that such fund be delivered to the tenant. G.S. 1-508.

APPEAL by plaintiff from *Hobgood, J.,* at November-December 1957 Term, of FRANKLIN.

Order signed 17 January, 1958.

Civil action begun 3 September, 1957, to recover for advances made by plaintiff L. J. Peoples to his tenant, the defendant R. O. Pearce, heard upon motion of said defendant for an order directing the Clerk of Superior Court of Franklin County to pay to him the balance of

funds in hands of said Clerk derived from hail insurance policy No. C-1305, issued by United States Fire Insurance Company.

From the pleadings and agreed statement of case on appeal, substantially the following appears in the record on appeal:

For the year 1957 the relationship of landlord and tenant existed between plaintiff, L. J. Peoples, and defendant, R. O. Pearce, in respect to certain land of plaintiff— on which said defendant was to grow tobacco and other crops, on crop sharing basis— and plaintiff Peoples to make, and did make advancements in money and in kind to Pearce to enable him to plant, cultivate and harvest the crops.

Plaintiff alleges the amount of advancements to be approximately $3,000.

Defendant Pearce secured, and corporate defendant issued its policy insuring the crop of tobacco upon the lands above described, against loss from certain hazards, including hail storm, while the crop was in the field and before harvesting— which policy stated upon its face that said Pearce was a tenant of said plaintiff.

On 26 August, 1957, the said crop of tobacco on the lands of plaintiff, so insured by corporate defendant was damaged by hail to the extent of approximately $4,000. The corporate defendant admitted liability therefor.

Plaintiff in complaint filed herein seeks to establish landlord's lien on the proceeds of the hail insurance so effectuated by defendant Pearce for advancements made, and obtained temporary restraining order against defendants enjoining them, pending hearing on the cause, from issuing, paying or receiving proceeds from said insurance policy in respect to hail loss. And plaintiff prays that he recover of defendants or either of them for advancements made with respect to said tenancy, as above related, and for his interest therein, for cost, and such other and further relief to which he may be entitled.

The corporate defendant, in answer filed, admitting liability, requested permission to deposit the proceeds from said policy in office of Clerk of Superior Court of Franklin County; and defendant Pearce demurred to the complaint.

Plaintiff Peoples died before hearing on the order granting temporary injunction and his executrix was made party plaintiff.

The resident judge heard the motions herein and the demurrer. The demurrer was overruled. The temporary injunction was dissolved, and the corporate defendant was permitted to deposit the proceeds from the insurance policy as requested, and the Clerk was directed to pay defendant Pearce all the proceeds from the insurance policy except $3,000, the amount of alleged advancements, without prejudice to him to apply at any time for payment of the residue of said fund. In apt time defendant Pearce filed answer raising issues of fact.

On 5 November, 1957, defendant Pearce gave notice that he would apply to resident judge in Chambers on 16 November, 1957, for an order that he be paid the balance of the funds so deposited in the Clerk's office. The hearing on this matter was postponed from time to time until heard on 4 December, 1957. At the hearing on this motion defendant Pearce put in evidence, apparently without objection, the note given by him for the premium due on said insurance policy and the policy. By consent the court took the matter under advisement, it being agreed in open court that judgment might be signed and entered by the court at any time thereafter.

And on 17 January, 1958, the judge entered order in which after further reciting: (1) That the cause was heard in its regular order on the calendar at the November-December Term of Franklin County Superior Court, before Honorable Hamilton H. Hobgood, Judge of the Superior Court assigned to and holding the courts of the Ninth Judicial District, and presiding at said regular term, upon the motion of defendant R. O. Pearce for release to him of the funds held by the Clerk of Superior Court under order entered in this cause; and (2) that the court having carefully considered the pleadings, the argument of counsel regarding said motion, and the hail insurance policy issued to R. O. Pearce and his note for the premium therefor, which were offered as exhibits by R. O. Pearce, and being of opinion that the defendant R. O. Pearce is entitled to have the balance of funds in the hands of the Clerk of Superior Court paid to him without further delay, it was ordered that the balance of said funds be paid to defendant R. O. Pearce, to which order plaintiff excepted, and appealed to Supreme Court, and was "allowed twenty days in which to file specific exceptions" to the order, and to make up and serve case on appeal.

And the record shows that plaintiff specifically excepts to the order entered 17 January, 1958, for that:

"1. The court was without authority to sign the Order * * *

"2. The court failed to find facts * * *

"3. The order as signed was not based upon proper findings of fact as required by law * * *

"4. The order was entered contrary to law * * * ," and assigns same as error, and appeals to Supreme Court.

*Gaither M. Beam, Ehringhaus & Ellis for plaintiff, appellant.*
*John F. Matthews for defendant, appellee.*

WINBORNE, C. J.: Plaintiff, appellant, in brief filed, without specifying the exception to which any particular question is related, presents argument in respect to four questions:

First: "Should the defendant Pearce's motion upon which the final

order herein was based have been denied for the reason that it was not in writing?" In this connection the record discloses (1) that defendant Pearce gave notice to plaintiff that he would at certain time and place apply to judge of Superior Court for an order to pay to him the balance of the fund arising from the hail insurance, and (2) that plaintiff appeared at the time and place for the hearing of the case in its regular order on the calendar at a regular term of court, and participated in the hearing, and agreed that the judge might take the case under advisement and sign judgment at any time thereafter. And the record is silent as to whether the motion was or was not in writing. And it does not appear that any point was made by plaintiff in respect thereto. Under these circumstances the point will be deemed waived and may not now be successfully presented.

Second and Third are these: "Should issues of fact be tried by the judge when trial by jury has not been waived? Does the order herein from which plaintiff appealed find sufficient facts in compliance with provisions of G.S. 1-185?" In this connection the issues of fact raised by the pleading in this cause relate to matters far afield from the matter affected by the order.

On this record it is not controverted that defendant Pearce secured hail insurance on the tobacco crop grown by him on plaintiff's land, and paid the premium therefor, that the fund ordered paid into the clerk's hands was proceeds for damage to the tobacco crop by reason of hail. It is not contended that plaintiff had anything to do with taking out the insurance or paying for it, or that it was intended to cover plaintiff's interest in the crop. In fact it is made to appear in the record on appeal that plaintiff opposed the idea of insuring the crop when it was suggested by Pearce.

Hence the determinative question on this appeal is one of law, that is: Where tenant procures and pays for policy of insurance against damage to tobacco crop by hail storm, and the crop is so damaged, nothing else appearing, does the landlord on whose land the crop is growing have statutory crop lien for advancements, G.S. 42-15, on the fund paid under the policy to cover the hail damage? Decisions of this Court provide negative answer. See *Batts v. Sullivan,* 182 N.C. 129, 108 S.E. 511, where these headnotes reflect the decision of this Court:

"1. The possession and title to all crops raised by a tenant or cropper in the absence of a contrary agreement, are deemed vested in the landlord until the rent and advancements have been paid.

"2. The interest of the tenant in the undivided crops, and housed in the landlord's barn, is insurable.

"3. Where the undivided crop of the landlord and tenant has been housed in the latter's barn, and while insured by the tenant for his sole benefit has been destroyed by fire, and the insurance company has

paid the loss, in the landlord's action the tenant is entitled to the full amount of the loss so paid; and the question as to the validity of the policy and the extent of the landlord's interest in the crop does not arise."

Fourth: "Whether the court erred in signing and entering of the order herein from which plaintiff appealed." In this connection it is provided by statute in this State that "When it is admitted by the pleading or examination of a party that he has in his possession or under his control any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the judge may order it deposited in court, or delivered to such party with or without security, subject to further direction of the judge." G.S. 1-508.

Testing the factual situation in case in hand by this statute, it is apparent that Judge Hobgood had the authority to make the orders in question in respect to the fund derived from the hail insurance on the tobacco crop.

After careful consideration of the matters presented on this appeal error in them is not made to appear.

Affirmed.