WILLIAM H. BOWDEN, Petitioner v. WILLIAM C. BOWDEN, MABEL BOWDEN BELLAMY, HENRY BOWDEN, DAVID BOWDEN, ARTHUR BOWDEN, JR., ELOISE BOWDEN, NELLIE MAE ALTMAN, Original Defendants and DAISY R. BOWDEN WARD, NELLIE B. BOWDEN BEST, MATTIE T. BOWDEN SUTTON, FRANK JR., BOWDEN, EMMETT L. BOWDEN, WILLIE WRIGHT, HENRY WRIGHT, WILLIS WRIGHT, ARTHUR WRIGHT, EDDIE WRIGHT, JOHN HENRY BOWDEN, HATTIE LEE BOWDEN BONEY, BETTY HICKS DUPREE, GENEVA HICKS MOORE, NANCY HICKS DURFIN, DAISY HICKS WILSON, SWINDELL SPRIGHT and RENA BOWDEN FUTRELLE, Additional Defendants.

(Filed 28 April, 1965.)

**1. Alteration of Instruments—**

Words in handwriting in the body of a typewritten instrument are alterations apparent on its face, but an erasure or interlineation is not in law an alteration if made before the instrument is executed, and an alteration in a deed made after its execution and delivery is good if made with the knowledge and consent of grantor, and before registration a deed may be changed in any way that may be agreed upon between the parties thereto, so far as it affects them.

**2. Same—**

The burden is upon the party attacking a deed on account of erasures or interlineations appearing on its face to prove by the greater weight of the evidence that the interlineations or other alterations were made after execution of the deed.

**3. Same—**

Where it has been established that alterations were made after execution and delivery of a deed, the burden is upon those claiming under the altered deed to prove that the alterations were made with the knowledge and consent of the grantor.

**4. Deeds § 11—**

As a general rule where two clauses in a deed are repugnant the first in order will be given effect and the latter rejected.

**5. Same—**

The granting clause is the very essence of the contract, and in the event of repugnancy between the granting clause and the *habendum* clause and other recitals, the granting clause will prevail.

**6. Same; Husband and Wife § 14—**

Where the granting clause in a deed is to a person named "and wife" the deed conveys as estate by the entireties notwithstanding the name of the wife nowhere appears in the deed and the habendum is solely to the named person.

**7. Registration § 5—**

Registration is for the protection of purchasers for value and creditors, and the rights of the original parties or their heirs and devisees are not

dependent upon the terms of the instrument as recorded but upon the terms of the original instrument, and the' original deed is admissible to correct mistakes in the recordation, and, as between such parties, the correction of an error of registration neutralizes all presumptions in favor of the prior recordation.

**8. Same;    Alteration of Instruments—**

Where it is apparent from the original typewritten instrument that the granting clause of a deed was to a person named with the words "and wife" added in handwriting, that the handwritten words were added prior to recordation, but that through error in recording the instrument the words "and wife" were added in the recital of consideration and left out of the granting clause, *held*, as between the original parties, their heirs and devisees, the error in recording the instrument may be corrected in accordance with the original instrument or the instrument re-recorded, so as to create an estate by the entireties.

**9. Appeal and Error § 40—**

Where the facts are stipulated or admitted so that the rights of the parties upon such facts are questions of law, a directed verdict in accordance with the rights of the parties upon such facts cannot be prejudicial, even though the directed verdict is in favor of the parties having the burden of proof and fails to direct the jury to answer to the contrary if they failed to find the facts as all the evidence tended to show.

APPEAL by plaintiff from *Parker, J.*, September 28, 1964, Session of WAYNE.

Suit to remove cloud from title to land.

There appears of record in the office of the Register of Deeds of Wayne County a deed, and the pertinent portions of the record are:

"THIS DEED, Made this 31 day of October, 1917, by B. E. Martin and Maggie Martin, his wife . . ., of the first part, to Henry Bowden and wife . . ., of the second part:

"WITNESSETH, That said B. E. Martin and wife, Maggie Martin in consideration of Three Thousand-Six Hundred Fifty Dollars, to them paid by *Henry Bowden his wife*, . . . do grant, bargain, sell and convey to said *Henry Bowden* his heirs and assigns, a certain tract or parcel of land in Wayne County . . . (there is no controversy concerning quantity, description and identity of the land).

"To HAVE AND TO HOLD the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging, to the said Henry Bowden his heirs and assigns, to their only use and behoof forever.

"And the said B. E. Martin and wife Maggie Martin, for themselves and their heirs, executors and administrators, covenant with said Henry Bowden his heirs and. assigns, that they are seized

. . ." (the usual covenants of seizin, right to convey, quiet enjoyment and against encumbrances are stated).

This record shows due execution by Martin and wife, proper acknowledgement by them before a notary public on 31 October 1917, probate and order of registration by the Clerk on 7 November 1917, filing for registration on 7 November 1917 and recordation in book 128, at page 391.

It was stipulated by the parties that on 31 October 1917, the date of the deed, Daisy Bowden was the wife of Henry Bowden, and Henry Bowden died intestate and without issue on 5 June 1918, and was survived by Daisy Bowden, his widow. It was further stipulated that Daisy Bowden remained in possession of the land described in the deed (except for a small portion she and Henry Bowden conveyed prior to his death) until her death on 8 January 1961, she left a will, which has been admitted to probate in Wayne County, and it purports to devise said land to the original defendants in this action.

Plaintiff and the additional defendants are the heirs at law of Henry Bowden, the person named in the foregoing record of deed. Plaintiff alleges that he and additional defendants are owners of the land in question as such heirs, by virtue of the provisions of the foregoing record of deed. The additional defendants have filed no pleadings in this action.

At the trial, the original defendants offered in evidence the original deed from Martin and wife. It is identical in content with the recording set out above, except for differences in the consideration recital and the granting clause, which are as follows:

"WITNESSETH, That said B. E. Martin and wife Maggie Martin, in consideration of Three Thousand-Six Hundred-Fifty Dollars, to them paid by *Henry Bowden* . . . do grant, bargain, sell and convey to said *Henry Bowden,* his *wife* heirs and assigns . . ."

It is observed that in the 1917 recordation it is stated that the consideration was paid by "Henry Bowden his wife" and that the land was granted to "Henry Bowden his heirs and assigns." In the original deed it is stated that the consideration was paid by "Henry Bowden" and that the land was granted to "Henry Bowden, his wife heirs and assigns."

After the institution of this action and before the trial, the original deed (by photographic copy thereof) was re-recorded on 14 September 1962 (about 18 months after the death of Daisy Bowden) in book 577, pages 422-425, Registry of Wayne County.

The original deed is made on a printed form. The form is filled in by typewriter. However, the words "and wife" (following the words

"Henry Bowden") in the naming clause, and the word "wife" (following the words "Henry Bowden, his"), in the granting clause, are in longhand in ink. These words "and wife" and "wife" are the only words written in longhand in the body of the deed, and they do not appear to be in the same handwriting. The form had ample space for interlining these words.

Plaintiff alleges and contends that the "re-recorded purported deed has patent alterations upon its face; the said patent alterations materially change the provisions in the deed which is recorded in Book 128 at page 391; . . . the re-recorded instrument . . . is invalid on account of the patent material alterations thereon."

The original defendants allege and contend "that the deed . . . was originally recorded in Book 128 at page 391 of the Wayne County Registry but, because of a mistake made in the registration, the said deed was filed for re-registration on September 14, 1962 . . . and was re-recorded in Book 577 at page 422 . . ."

Plaintiff asserts that the claim of title by the original defendants, based on the re-recorded deed and the will of Daisy Bowden, is a cloud on his title. On their part, original defendants assert that the claim of plaintiff and additional defendants, based on the erroneous record of the deed in book 128 at page 391, is a cloud on their title.

The verdict of the jury is that the claim of the original defendants is not a cloud on title of plaintiff and the additional defendants, that the claim of plaintiff and additional defendants is a cloud on the title of the original defendants, and that the original defendants are the owners in fee simple and entitled to the possession of the lands in question. Judgment was entered accordingly. Plaintiff appeals.

*Sasser and Duke; Whitley and Nowell for plaintiff, appellant.*
*John S. Peacock and James N. Smith for defendant appellees.*

MOORE, J.  Plaintiff's assignments of error are based on exceptions to the charge. The crucial question is whether the trial judge erred in instructing the jury peremptorily to answer the issues in favor of the original defendants if they found the facts "to be as all of the evidence tends to show," without instructing them that if they failed to so find they should answer the issues in favor of plaintiff and the additional defendants.

All of the evidence pertinent and material to the issues raised by the pleadings, except documentary evidence, was stipulated by the parties. The admissibility, content and authenticity of the documentary evidence (the will of Daisy Bowden, the deed of Martin and wife and the two recordings thereof) are not in controversy; they are alleged on the

one hand and in effect admitted on the other; their legal effect and the inferences to be drawn from their form and provisions are the matters in controversy.

The original deed, offered in evidence by the original defendants, is unquestionably the identical deed filed for record on 7 November 1917. The entry of the Register of Deeds, of registration in book 128, page 391, on 7 November 1917, appears on the back of the deed; and the genuineness of the entry is not questioned. The interlineations presently appearing on the original deed were made prior to the filing for registration on 7 November 1917. The 1917 recording shows "Henry Bowden *and wife*" in the naming clause — therefore, the interlineation "and wife" had been added before that recording. The 1917 recording shows "Henry Bowden his *wife*" in the consideration recital and "Henry Bowden" in the granting clause; the original deed shows "Henry Bowden" in the consideration recital, and "Henry Bowden his *wife*" in the granting clause. The original deed does not show that any erasure was made following the name "Henry Bowden" in the consideration recital. It is clear therefore that the interlineation "wife" was not shifted from the consideration recital to the granting clause after the 1917 recording. It is patent that the interlineation "wife" was in the granting clause at the time of filing for recordation on 7 November 1917, and by mistake in recording (the recording was made in longhand on a printed form sheet) the copier placed the words "his wife" on the blank line in the consideration recital, when they should have been put in the granting clause.

The original deed (made on a printed form) was prepared on a typewriter as a conveyance from B. E. Martin and wife, Maggie Martin, to Henry Bowden. The words "and wife" in the naming clause, and the word "wife" in the granting clause, were interlined in pen after the deed was typewritten and before it was recorded. The deed was executed and acknowledged on 31 October 1917; it was filed for registration a week later, on 7 November 1917. The alteration of the deed by the interlineation of "and wife" and "wife" is apparent upon the face of the instrument. "An alteration is deemed to be apparent on the face of the instrument in cases of interlineation, erasure, difference of handwriting, changes of figures or words, or other irregularities on the face of the paper." 4 Am. Jur. 2d, Alteration of Instruments, § 80, p. 74. ". . . transfer of title cannot be effected by the device of adding or substituting the name of another person for that of the grantee who was designated in the deed." 16 Am. Jur., Deeds, § 357, p. 644; *Perry v. Hackney*, 142 N.C. 368, 55 S.E. 289. But the alteration of a deed by adding the name of another grantee does not ordinarily divest the title and estate conveyed to the original grantee by the deed in its original

form. 4 Am. Jur. 2d, Alteration of Instruments, § 47, p. 45; 16 Am. Jur., Deeds, § 354, p. 643. See also *McLindon v. Winfree,* 14 N.C. 262.

An erasure or interlineation is not in law an alteration if made before the deed is executed. *Wicker v. Jones,* 159 N.C. 102, 74 S.E. 801. A deed altered after its execution and delivery is good if the alteration is made with the knowledge and consent of the grantor. *Krechel v. Mercer,* 262 N.C. 243, 136 S.E. 2d 608; *Campbell v. McArthur,* 9 N.C. 33. Before registration a deed may be changed in any way that may be agreed upon between the parties thereto, so far as it affects them. *Respass v. Jones,* 102 N.C. 5, 8 S.E. 770. See 67 A.L.R. 367.

When it is apparent that there are interlineations in a deed which materially alter the effect thereof as originally drawn, the question arises whether the burden is on the party claiming under the deed, as altered, to prove that the interlineations were made at the time of or before the execution of the deed, or on the party attacking the altered deed to prove that they were made after execution. On this question the authorities are in irreconcilable conflict. 4 Am. Jur. 2d, Alteration of Instruments, §§ 80-83, pp. 74-78. But the holding in this jurisdiction is that the burden is upon the party attacking the deed to prove by the greater weight of the evidence that the interlineations or other alterations were made after execution of the deed. *Wicker v. Jones, supra; Collins v. Vandiford,* 196 N.C. 237, 145 S.E. 235. In *Wicker* it is said:

". . . it would seem to be wise and just to adopt a rule which will tend to preserve and sustain titles acquired by such deeds (showing interlineations and erasures), although under it an injustice may occasionally result, and in our opinion it is safer, and in accord with the better public policy to hold, as we do, that the party claiming under a deed is entitled to introduce it in evidence, upon proof of its execution, and that the burden is upon the party who assails it, on account of erasures or interlineations appearing on its face, to satisfy the jury by the greater weight of the evidence that the erasures and interlineations were made after execution of the deed."

Where it has been established that alterations were made after execution and delivery of a deed, the burden is upon those claiming under the altered deed to prove that the alterations were made with the knowledge and consent of the grantor. *Krechel v. Mercer, supra.*

The interlineations in the subject deed are such as to arouse suspicion of wrongdoing. They are apparently in different handwritings. They were made by a person or persons seemingly unfamiliar with the proper preparation of deeds, for the wife is not included in the *habendum* and warranty clauses. But these circumstances have no

tendency to show that the interlineations were made after the execution of the deed. Furthermore, there is no evidence in the record from which it may be reasonably inferred that the interlineations were made after execution of the deed. The plaintiff has failed to carry the burden which the law casts upon him.

The granting clause fixes the title in Henry Bowden and wife. As a general rule where two clauses in a deed are repugnant, the first in order will be given effect and the later rejected. *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157. The granting clause is the very essence of the contract, and in the event of repugnancy between the granting clause and the *habendum* clause and other recitals, the granting clause will prevail. And where the granting clause in a deed is to a person named "and wife," the deed conveys an estate by the entireties notwithstanding the fact that the name of the wife nowhere appears in the deed. *Byrd v. Patterson*, 229 N.C. 156, 48 S.E. 2d 45.

Plaintiff contends that the content of the 1917 record of the deed puts him in a favored position by reason of certain presumptions and evidentiary values which flow therefrom, to wit: (1) it is presumed that a public official (Register of Deeds) in the performance of official duty has acted correctly, in good faith and in accordance with law (*Huntley v. Potter*, 255 N.C. 619, 122 S.E. 2d 681), and (2) the record of a deed, in the public registry, is *prima facie* evidence of the correctness of its terms (*Sellers v. Sellers*, 98 N.C. 13). Plaintiff insists that these principles are sufficient to take the case to the jury and to require the judge to correctly instruct the jury as to applicable law, place the burden on the original defendants to overcome the presumption and the *prima facie* showing, and leave the issues to the jury without limiting them by peremptory instructions.

Plaintiff mistakes the effect and importance of registration under the facts in this case. The registration of deeds is primarily for the protection of purchasers for value and creditors; an unregistered deed is good as between the parties and the fact that it is not registered does not affect the equities between the parties. *Patterson v. Bryant*, 216 N.C. 550, 5 S.E. 2d 849; *Glass v. Shoe Co.*, 212 N.C. 70, 192 S.E. 2d 899; *Hargrove v. Adcock*, 111 N.C. 166, 16 S.E. 16. The parties to the present action are not purchasers for value or creditors. Plaintiff and the additional defendants claim title as heirs at law of Henry Bowden; the original defendants claim as devisees of Daisy Bowden. The ultimate inquiry is not what the records show, but what the terms of the original deed are. Moreover, a deed may be registered at any time after probate, and the Register of Deeds may, and has the duty to, correct an error in the record by supplying an omission, striking an erroneous entry or by re-registration of the deed. *Sellers v. Sellers, supra*. Regis-

tration relates back to the date of execution of the deed. Furthermore, an original deed is admissible to correct mistakes in the record. *Brown v. Hutchinson*, 155 N.C. 205, 71 S.E. 302. Once an error in registration is corrected, the presumption arising on, and the evidentiary advantages of, the first record are, at least, neutralized by the corrected record as between the parties to the deed and as between those claiming under the parties to the deed by gift, inheritance or devise.

Where the material facts in a case are not controverted, the rights of the parties upon such facts are questions of law, and the court may enter judgment thereon in accordance with the rights of the parties without intervention of a jury. *Peoples v. Insurance Co.*, 248 N.C. 303, 103 S.E. 2d 381. And where the material evidence bearing upon an issue is not controverted and all of it points in one direction with but one inference to be drawn from it, a peremptory instruction to answer the issue accordingly, if the evidence is found to be true, is proper. Failure of the judge to state the converse is not error where prejudice is not made to appear. *Rhodes v. Raxter*, 242 N.C. 206, 87 S.E. 2d 265. Such failure is not prejudicial where the facts are stipulated by the parties or in effect admitted by the party against whom the instruction is given, though the instruction is favorable to the party having the burden of proof.

No error.