GEORGE W. COX, JR., AND WIFE, MORTY H. COX v. WILSON PHILLIPS

No. 693SC278

(Filed 23 July 1969)

1. **Evidence § 32— ambiguity in written contract — parol evidence rule**
   In this action for breach of a home construction contract, the parol evidence rule is not violated by the admission of testimony by defendant to the effect that the written agreement did not include bricking up the end of the carport, where the terms of the contract relative to the carport were ambiguous and defendant was testifying only to the terms of the agreement signed by him.

2. **Contracts § 18— modification of written contract — consideration**
   In this action for breach of a home construction contract, testimony by defendant with respect to modifications in the contract was not inadmissible as unsupported by consideration.

APPEAL by plaintiffs from *Cowper, J.,* at the February 1969 Session of CRAVEN Superior Court.

Plaintiffs filed their complaint 3 July 1968 alleging that they and the defendant entered into a contract on 30 May 1967 under which the defendant was to construct a home for the plaintiffs on land belonging to the plaintiffs; that plaintiffs have remained ready to perform, but defendant has failed and refused to perform the contract.

Defendant demurred 20 August 1968 and the demurrer was overruled 2 October 1968. However, in order to make the complaint more certain, plaintiffs amended on 8 October 1968, alleging that defendant failed to perform the contract in that he failed to complete the

walkway, brickwork, carpentry in the carport, and failed to paint the gutters, treat for termites, fit the doors, provide certain light fixtures and carpet, reimburse for interest on construction loan beyond the original completion date, and numerous other specifics.

The defendant answered 12 November 1968 admitting receipt of $12,500.00 from the plaintiffs but denying the other material allegations of the complaint. As a further defense and by way of counterclaim, the defendant alleged: The parties entered into a contract for defendant to build, for $15,000.00, a house of standard design known as "The Atlantic." The terms of payment were specified in the agreement. After making the agreement, the parties agreed on numerous modifications of the plans, with no agreed price for each modification; the reasonable value of the modifications was $3917.00. The house was not completed by 15 October 1967 as planned because of delays in obtaining the special materials ordered by plaintiffs as well as normal construction delays. For said extras plus the balance on the original contract, plaintiffs owed defendant $6317.00. Defendant stands ready to complete the remaining work of approximately $500 value.

At the trial, both parties testified substantially as alleged in their pleadings. The court submitted two issues to the jury, these being the amount, if any, which the defendant was indebted to the plaintiffs and the amount, if any, which the plaintiffs were indebted to the defendant. The jury answered the issues in favor of defendant, and from judgment for the defendant in the amount of $4760.00, plaintiffs appealed.

*Robert G. Bowers for plaintiff appellants.*

*Beaman & Kellum by Norman B. Kellum, Jr., for defendant appellee.*

BRITT, J.

[1]   Plaintiffs contend that the court committed error in permitting the defendant to testify that neither the oral conversations nor the subsequent written contract, as signed by the defendant, had included a brick wall on the outside of the extended carport.

Plaintiffs' former home on the same lot had burned and the parties contemplated building a new house very similar to the one that had burned. The burned house had a single-car open carport. The typed contract incorporated a handwritten list of specifications of materials, alterations and the like. Item No. 15 stated: "Add 13'

on width of carport." On the same line of the lined paper, in slightly different writing and crowded to the edge of the paper, was the following: "w/brick wall." As the import of the defendant's testimony was that the signed agreement had not included bricking up the end of the carport, the contract terms were ambiguous. Defendant was seeking to testify only to the terms of the agreement signed by him. He did not seek to vary the agreement; the parol evidence rule is not involved. Stansbury, N.C. Evidence 2d, § 260, p. 625, § 229, p. 581. See also *Bowden v. Bowden,* 264 N.C. 296, 141 S.E. 2d 621. The assignment of error is overruled.

[2]    Plaintiffs contend that the court erred in allowing the defendant to testify "with respect to modifications in the contract which were unsupported by consideration" and cite *Whitehurst v. FCX Fruit and Vegetable Service,* 224 N.C. 628, 32 S.E. 2d 34, in support of this contention. We do not find any exception or assignment of error in the record or transcript dealing with that question. Moreover, the *Whitehurst* case supports the admissibility of the evidence. We think the broad view of the question of consideration suggested in *Helicopter Corp. v. Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362, is pertinent to this case.

We have carefully considered each of the assignments of error discussed in plaintiffs' brief and finding them without merit, they are overruled.

No error.

MALLARD, C.J., and PARKER, J., concur.