SAMUEL HOWARD KEITH v. G. D. REDDICK, INC.

No. 7218SC240

(Filed 28 June 1972)

1. **Rules of Civil Procedure § 56— summary judgment — immaterial question of fact**

   A question of fact which is immaterial does not preclude summary judgment. G.S. 1A-1, Rule 56.

2. **Trial § 18— effect of undisputed facts — question of law**

   Where the parties were in agreement as to the facts, the effect of the undisputed facts was a question of law for determination by the court.

3. **Negligence § 53— warehouse operator — duties to invitees**

   The operator of a warehouse had the duty to exercise ordinary care to keep the premises an invitee was expected to use in a reasonably safe condition in order not to expose him to danger unnecessarily, and to warn the invitee of hidden conditions and dangers of which he had knowledge or in the exercise of reasonable supervision and inspection should have had knowledge and of which the invitee had less or no knowledge.

4. **Negligence § 57— warehouse operator — duty to truck driver — access to loading dock — wooden pallet — contributory negligence**

   The operator of a warehouse breached no duty it owed to the driver of a truck delivering merchandise to the warehouse when a wooden pallet the driver was using to gain access to the loading dock fell from under him, and the truck driver was contributorily negligent as a matter of law in failing to use the steps provided by the warehouse operator and in failing to determine whether he could safely use the pallet, where the driver noticed no defect in the pallet at the time of the accident, did not know what happened to the pallet or what caused him to fall, and was aware that there were some steps 100 to 150 feet away but chose to use the pallet because after reaching the steps he would have had a 150-foot walk back to his truck.

APPEAL by plaintiff from *McConnell, Judge,* 18 November 1971 Session, Superior Court, GUILFORD County.

Plaintiff seeks to recover damages for personal injuries sustained in a fall while an invitee on defendant's premises. Defendant operated a warehouse in Greensboro. The warehouse fronts the loading area with a wall which is interspaced with loading docks approximately five feet in elevation which recede into the building. Plaintiff, a truck driver, had come upon defendant's premises to deliver some merchandise. He had backed his truck into the loading area and up to the dock, had gotten out of his truck, and proceeded to mount the platform or dock by way of a wooden crate, known as a pallet, which had been placed beside the dock. He alleges that as he reached the top of the pallet, "said pallet fell from under the plaintiff causing him to fall down between the platform and vehicle, thereby seriously injuring his back, legs and thighs."

He alleges that defendant was negligent in that

". . . it and its duly authorized servants, agents and employees: failed and neglected to erect and maintain appropriate stairways for the use and benefit of those persons using the warehouse in the due course of their business, when they knew or should have known that such failure to provide reasonable means of access to the high platforms would likely endanger persons using same; they provided wooden pallets and permitted the continued use of said wooden pallets by visiting drivers, for the purpose of obtaining access to the 5-foot platforms, when they should have known that the providing and permitting the continued use of said pallets would endanger the safety of those persons who must use them; that the defendant failed to provide a safe place for visiting truckers to work, and did permit and encourage the use of improper wooden pallets as stairs to mount the platforms when they knew or should have known that the same endangered the life of the plaintiff and other truckers."

Defendant answered denying negligence and pleading sole negligence of plaintiff and contributory negligence of plaintiff.

Defendant filed a written motion for summary judgment which motion was heard upon the plaintiff's answers to defendant's interrogatories, plaintiff's deposition, affidavit of the

vice-president of defendant, all presented by defendant; and affidavit of plaintiff presented by plaintiff.

The court granted defendant's motion and plaintiff appealed.

*David P. Mast, Jr., for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by Allan R. Gitter and W. F. Womble, Jr., for defendant appellee.*

MORRIS, Judge.

[1]  G.S. 1A-1, Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The standard fixed by the rule does not contemplate that the court is to decide an issue of fact, but rather it impels the court to determine whether a real issue of fact exists. A question of fact which is immaterial does not preclude summary judgment. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1234 (Wright Ed. 1958).

Uncontradicted testimony from answers to interrogatories, deposition and affidavits reveals the following: The pallet was approximately three to four feet in width and approximately five to six feet in length. It was made out of two-by-fours with boards interspaced and nailed to the two-by-fours on both sides and was leaning against the wall just to the side of the platform opening. Plaintiff had been to defendant's warehouse about five or six times before the accident and on those occasions had used a similar type crate to get up on the dock into the receiving doors. ". . . I climbed up on this, as I had before, and when I started over in between the wall and the truck something happened to this pallet. It either slipped or broke down, and I went down between the truck and this board like thing against the wall on my left side . . . I don't know whether it broke down, slipped, turned over or what." "At the time I climbed up on the pallet, I couldn't see anything wrong with the pallets at all—I mean as far as being defective, I couldn't see that." Plaintiff did not examine the pallet after his fall.

Keith v. Reddick, Inc.

The easternmost portion of the warehouse where the accident occurred was used for receiving merchandise. There are five loading doors on the northern wall of the receiving section of the warehouse. In the westernmost portion of the warehouse, steps are provided for the use of truckers in unloading. If a trucker unloading at the eastern section of the warehouse did not climb up and into the sliding door provided for the unloading of trucks, he would have to walk approximately 100 feet from the centermost doorway to the area where permanent steps are provided as an entrance to the warehouse. The pallets had not been placed there by defendant or any of its employees, nor did the pallets belong to defendant. Plaintiff testified by affidavit that even if he had traveled some 150 feet to the first door with steps, he would still have approximately another 150 feet to travel through the office and warehouse area to reach his unloading dock but that he was not permitted by his employer to pass through warehouse areas to reach the unloading area.

[2]  We are of the opinion that the parties were in agreement as to all the factual particulars. The effect of the undisputed facts was a question of law for the court to determine. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

[3]  Plaintiff was an invitee. It was, therefore, defendant's duty to exercise ordinary care to keep the premises plaintiff was expected to use in a reasonably safe condition in order not to expose him to danger unnecessarily; and to warn plaintiff of hidden conditions and dangers of which he had knowledge or in the exercise of reasonable supervision and inspection should have had knowledge and of which plaintiff had less or no knowledge. *Quinn v. Supermarket, Inc.*, 6 N.C. App. 696, 171 S.E. 2d 70 (1969), cert. denied 276 N.C. 184 (1970).

[4]  The undisputed facts reveal that plaintiff had used similar pallets before, at the time of the accident noticed no defect in the pallet used, did not know what happened to the pallet or what caused him to fall; was aware that there were steps some 100 to 150 feet away from where he fell but chose to use the pallet instead because after reaching the steps he would have had a some 150-foot walk back to his truck. Of course, the fact that plaintiff's employer had told him not to go into the warehouse area when unloading is immaterial on the question of defendant's negligence. It appears to us, and we so hold, that

defendant has breached no duty it owed to plaintiff and that plaintiff was contributorily negligent as a matter of law in failing to use the steps or in failing to determine whether he could safely use the alternate method; to wit, the pallet.

Affirmed.

Judges VAUGHN and GRAHAM concur.