RUFUS J. SUTTON, PLAINTIFF v. JOE WARD AND THE COUNTY OF HAYWOOD, A BODY POLITIC, BY AND THROUGH ITS COMMISSIONERS, TEDDY ROGERS, ROGER AMMONS, EDWIN RUSSELL, RUBYE BRYSON AND GLEN NOLAND, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. GEORGE MICHAEL MEDFORD, THIRD-PARTY DEFENDANT

No. 8830SC317

(Filed 6 December 1988)

1. Master and Servant § 49— participant in CETA program—"employee" within meaning of Workers' Compensation Act—common law action for negligence barred

     In a personal injury action brought by plaintiff, a participant in the federally funded CETA program, against a county and the driver of a county sanitation truck in which plaintiff was a passenger, the trial court properly entered summary judgment in favor of defendants because the county exercised control over plaintiff while he worked; an employer-employee relationship thus existed; and plaintiff was therefore employed under a "contract of hire" so that his common law action for negligence was barred by N.C.G.S. § 97-10.1, his exclusive remedy being pursuant to the Workers' Compensation Act.

2. Master and Servant § 49— participant in CETA program—"employee" within meaning of Workers' Compensation Act

     Plaintiff, a CETA program participant, qualified as an "apprentice" to defendant county and accordingly was an employee under the Workers' Compensation Act where defendant county agreed with the CETA program administering agency to take on plaintiff and train him, and plaintiff received training to enable him better to compete in the job market while the county received the benefit of his labor.

     APPEAL by plaintiff from *Hyatt, Judge*. Order entered 24 November 1987 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 3 October 1988.

     This is a personal injury action brought by plaintiff, a participant in the federally funded Comprehensive Employment and Training Act (CETA) Program, who was allegedly injured while riding in a Haywood County Sanitation Department truck. Plaintiff had been assigned by Mountain Projects, Inc., the administering agency, to work for Haywood County in the sanitation department. The truck was driven by an employee of the county, defendant Ward, who was plaintiff's job supervisor for the day. Pursuant to federal law, Mountain Projects paid plaintiff's salary out of federal funds, withheld federal and state taxes and social security contributions, and filed plaintiff's withholding forms.

Haywood County employees provided day-to-day supervision, kept plaintiff's time sheets, and had the authority to terminate plaintiff for unsatisfactory work.

The truck in which plaintiff was a passenger was involved in a collision. Plaintiff filed suit against Ward for negligence and against the county on the theory of *respondeat superior.* Defendants filed a third party action against the driver of the other vehicle involved in the accident.

Defendants moved for summary judgment asserting that plaintiff's action was barred because his exclusive remedy was under the Workers' Compensation Act. G.S. 97-10.1. The trial court granted summary judgment for defendants; plaintiff appeals.

*McLean and Dickson, by Russell L. McLean, III, and Timothy L. Finger, for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes and Davis, by Roy W. Davis, Jr. and Michelle Rippon, and Alley, Hyler, Killian, Kersten, Davis and Smathers, by Robert J. Lopez, for defendant-appellees.*

EAGLES, Judge.

Where a motion for summary judgment is granted, the critical question for determination on appeal is whether, on the basis of the material presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Oliver v. Roberts,* 49 N.C. App. 311, 271 S.E. 2d 399 (1980). On the undisputed facts before us, we hold that summary judgment was appropriate.

G.S. 97-10.1 provides that the rights and remedies granted an employee under the Workers' Compensation Act exclude all other rights and remedies against the employer for negligently inflicted injury. In addition, fellow-employees are excluded from common law liability. *See Andrews v. Peters,* 55 N.C. App. 124, 284 S.E. 2d 748 (1981), *cert. denied,* 305 N.C. 395, 290 S.E. 2d 364 (1982). In order for the exclusivity clause to apply to bar plaintiff's civil action, however, the claimant must qualify as an "employee" under the Act. The plaintiff here qualifies in two ways.

The statutory definition of employee includes "every person engaged in an employment under any appointment or contract of

hire or apprenticeship. . . ." G.S. 97-2(2). Plaintiff qualifies both as a person "under any appointment or contract of hire" and as an apprentice.

[1]　Whether one is an employee under an "appointment or contract of hire" of a particular employer within the Workers' Compensation Act is a question to be determined by applying the common law test for finding an employer-employee relationship. *See Hayes v. Board of Trustees of Elon College*, 224 N.C. 11, 29 S.E. 2d 137 (1944); *Carter v. Frank Shelton, Inc.*, 62 N.C. App. 378, 303 S.E. 2d 184 (1983). The right to control the worker determines who is the employer. *Barrington v. Employment Security Commission*, 55 N.C. App. 638, 286 S.E. 2d 576, *disc. rev. denied*, 305 N.C. 584, 292 S.E. 2d 569 (1982); *Lucas v. Li'l General Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976). Indicia of control over a worker includes authority to set work hours, assign duties, and establish a manner of performance. *Barrington*, 55 N.C. App. at 642. Although the question of whether this control exists is generally a matter of fact to be decided by the jury, if the inference is clear that there is an employer-employee relationship, the decision may be made by the court as a matter of law. Restatement (Second) of Agency section 220 comment c (1958). Where, as here, the facts are not in controversy, the rights of the parties upon the facts are questions of law, and the court may enter judgment without intervention of a jury. *Peoples v. United States Fire Ins. Co.*, 248 N.C. 303, 103 S.E. 2d 381 (1958); *Keith v. Reddick, Inc.*, 15 N.C. App. 94, 189 S.E. 2d 775 (1972).

Here there is uncontroverted evidence that Haywood County, through its sanitation department employees, exercised control over the plaintiff while he worked. The county had authority to terminate plaintiff if his performance was unsatisfactory. The county assigned plaintiff to work with certain individuals on a day-to-day basis and those individuals were plaintiff's immediate supervisors for the day. Plaintiff's own deposition testimony was that he did what the sanitation department employees told him to do. Although the county did not pay the plaintiff, it controlled and directed all of his work activities, kept records of his work hours, and indirectly controlled his wages. *See City of Franklin v. Department for Human Resources*, 581 S.W. 2d 358 (Ky. App. 1979) (user agency primarily responsible for CETA employee's workers' compensation benefits). The trial court correctly granted

summary judgment in favor of the defendants because plaintiff is employed under a "contract of hire" and his common law action for negligence is barred by G.S. 97-10.1.

[2] Alternatively, plaintiff qualifies as an "apprentice" to the county and accordingly is an employee under the Act. There is no statutory definition of apprentice in the Workers' Compensation Act. "Apprentice" is defined as "one who is learning by practical experience. . . ." Webster's New Collegiate Dictionary (1980). The undeniable purpose of the CETA program is to provide federally funded job training for the economically disadvantaged. Comprehensive Employment and Training Act section 2, 29 U.S.C. section 801 et seq. (1973). *See also Jackson Housing Authority v. Auto-Owners Ins. Co.,* 686 S.W. 2d 917 (Tenn. App. 1984) (CETA program participant is statutory employee of both program administrator and user agency). Haywood County agreed with Mountain Projects to take on plaintiff and train him. This was an arrangement for mutual benefit and both Haywood County and plaintiff profited. Plaintiff received training to enable him to better compete in the job market and Haywood County received the benefit of his labor. Accordingly, we hold that plaintiff was an apprentice to Haywood County and therefore an employee under the Act.

For the reasons stated, the order of the trial court is

Affirmed.

Judges PHILLIPS and PARKER concur.